COPY

BY FAX

IAN N. FEINBERG (SBN 88324)
ifeinberg@feinday.com
M. ELIZABTH DAY (SBN 177125)
eday@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone: 650.618.4360
Facsimile: 650.618.4368

Attorneys for Plaintiff
CADENCE DESIGN SYSTEMS, INC.

By Fax

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CADENCE DESIGN SYSTEMS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BERKELEY DESIGN AUTOMATION, INC., a Delaware corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. CV13-01539 JCS<br><br>COMPLAINT FOR VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT AND BREACH OF CONTRACT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Cadence Design Systems, Inc. ("Cadence") alleges claims for violation of the Digital Millennium Copyright Act and breach of contract against Defendant Berkeley Design Automation, Inc. ("BDA") and Does 1 through 25, inclusive, as follows:

## PARTIES

1. Cadence is a Delaware corporation with its principal place of business at 2655 Seely Avenue, San Jose, California 95134.

2. Cadence is informed and believes and on that basis alleges that BDA is also a Delaware corporation with its principal place of business at 2500 Augustine Drive, Suite 201, Santa Clara, California 95054.

3. Defendants Doe 1 through Doe 25, inclusive ("The Does") are sued herein under fictitious names. Their true names and capacities are unknown to Cadence. Cadence will amend this complaint to set forth their true names and capacities when ascertained.

4. Cadence is informed and believes and thereon alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences alleged in Count 1, and that Cadence's damages as alleged in Count 1 were proximately caused by those Defendants.

5. Cadence is informed and believes and thereon alleges that at all times mentioned herein, each of the Defendants, fictitious or otherwise, was the agent, employee, alter ego, successor, principal, subcontractor, co-venturer and servant of each of the remaining Defendants, and was, in doing the things herein complained of, acting within the scope of such relationship.

## JURISDICTION AND VENUE

6. This is an action for violation of the Digital Millennium Copyright Act ("DMCA") arising under the copyright laws of the United States, 17 U.S.C. § 1201 et seq. (Count 1), and for breach of contract arising under the laws of the State of California (Count 2). This Court has subject matter jurisdiction over Count 1 under 28 U.S.C. §§ 1331 and 1338 and over Count 2 under 28 U.S.C. §§ 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400 because defendants have violated the DMCA in this district, and/or are deemed to reside in this district.

## INTRADISTRICT ASSIGNMENT

8. Pursuant to Local Rule 3-2(c), this case is subject to district-wide assignment because it is an Intellectual Property Action.

## GENERAL ALLEGATIONS

**The Parties and Their Products**

9. Cadence is a leading developer and supplier of software, hardware, intellectual property cores and services which customers use to design and verify advanced semiconductors, consumer electronics, networking and telecommunications equipment, and computer systems. Cadence's customers include industry leaders in market segments such as mobile devices, communications, cloud and data center infrastructure, personal computers and other devices that

connect to the Internet. Cadence's design platforms include *Incisive* functional verification, *Virtuoso* custom integrated circuit ("IC") design, *Encounter* digital IC design, and *Allegro* system interconnect design.

10. Cadence is informed and believes and thereon alleges that BDA is the developer and supplier of the *Analog SPICE* nanometer circuit verification platform ("*AFS Simulator*") for analog, mixed-signal and RF (AMS/RF) design verification.

11. Cadence is informed and believes and thereon alleges that because many of BDA's customers use Cadence offerings as their primary design and verification tools, BDA wanted to interface its AFS Simulator to Cadence's Virtuoso Analog Design Environment ("*Virtuoso ADE*") so that BDA's customers could launch the BDA AFS Simulator from Virtuoso ADE, automatically extract design information from the Virtuoso ADE database, and view AFS Platform results using the Cadence waveform display tools in Virtuoso.

12. Virtuoso ADE is designed to permit the integration of non-Cadence simulators like the BDA AFS Simulator only if the developer of the third party simulator has entered into an agreement with Cadence to integrate, and has in fact integrated, the third party simulator with Virtuoso ADE solely through use of the Cadence OASIS integration product (the "OASIS Integration"), which requires that the end-user of the non-Cadence simulator has a Cadence OASIS run-time license (an "OASIS License") for each third party simulator used.

13. Non-Cadence simulators cannot be integrated with Virtuoso ADE without the OASIS Integration unless the specific software commands within Virtuoso ADE that prevent use of a non-Cadence simulator without the end-user having an OASIS License (the "Cadence Technological Measure") are avoided, bypassed, removed, deactivated, or impaired.

**The Contracts**

14. Effective December 1, 2009, Cadence and BDA entered into Connections Agreement No CA-09BDA1201 (the "CNA") in which BDA was identified as "Member."

15. The second recital to the CNA states:

> WHEREAS member desires to develop and commercially offer interfaces which facilitate a tighter level of integration between Specific Member Products [defined as "electronic design automation products"] and specific Cadence Products and

-3-

Member acknowledges that developing such interfaces requires access to Cadence's Software, Documentation and Confidential Data about the operational characteristics of Cadence's Products.

16. Section 4.1 of the CNA provides in part:

> Member shall provide written notice to Cadence of Member's intention to develop any interface to or translator for a Cadence product which is not specifically identified in Exhibit 1. Cadence and Member shall then discuss whether the licenses granted under this licenses granted under this CNA and the PLMA shall be amended to permit Member to develop any such additional interface(s) or translator(s). Absent and prior to written notification and amendment to this CNA and the PLMA, Member is not licensed to develop any interface to or translator for a Cadence product other than those specifically identified in Exhibit 1.

17. Section 4.6 of the CNA provides:

> Use of Cadence's Products: Member shall not use any Cadence Products or portions thereof provided to Member hereunder in any manner or for any purpose except as expressly permitted in the PLMA.

18. Section 4.1 of Exhibit 2 to the CNA, the Product License and Maintenance Agreement ("PLMA"), provides in part:

> Subject to the terms of this PLMA and the CNA, Cadence grants Member a temporary, non-transferable, non-exclusive, limited license, without right to sublicense, to use the Software for the sole purpose of (i) creating, developing, demonstrating, testing and supporting the specific Connections Interface(s) agreed to between Cadence and Member described in paragraph 4.1 of the CNA and in Exhibit 1 to the CAN, and (ii) training customers to use the Connections Interface(s).... Member shall not use the Cadence Products for any other purpose or let any third party do so.

19. Section 4.2 of the PLMA provides in part:

> In order to protect Cadence's and its grantors' rights, Member shall not modify, translate, disassemble, de-compile or Reverse Engineer any Cadence Products or create a derivative work thereof or Use any Cadence Product to develop the same or similar item or let any third party do so.... or (iv) distribute externally to any third party any communication that compares the features, functions or performance characteristics of any Cadence Product or Connections Interface(s) with any other similar product of Member or a third party without Cadence's express prior written approval.

20. Section 7.0 of the PLMA provides in part:

> Member agrees that the unauthorized use of Cadence Products will cause irreparable harm for which no adequate remedy at law exists and that, in addition to any other remedies available, Cadence shall be entitled to temporary, preliminary and permanent injunctive relief to enforce the terms of this PLMA.

**BDA's and The Does' Unlawful Acts**

21. In late 2012, Cadence became aware that BDA, using The Does, had circumvented the commands within Cadence's Virtuoso ADE product designed to authorize the use of a third party simulator like BDA's AFS Simulator only if the end user has an OASIS license (the "Cadence Technological Measure").

22. Cadence is informed and believes and thereon alleges that BDA and The Does intentionally avoided, bypassed, removed, deactivated, or impaired the Cadence Technological Measure by causing the AFS Simulator to issue commands to Virtuoso ADE that permitted the use of the AFS Simulator with Virtuoso ADE without utilizing the OASIS integration or the end-user having an OASIS License ("the BDA Circumvention").

23. As a result of the BDA Circumvention of the Cadence Technological Measure, end-users of the AFS Simulator could integrate with Virtuoso ADE without obtaining an OASIS License. BDA called the result of the BDA Circumvention the "Unified Integration."

24. In mid-2012, a Cadence engineer was assisting an engineer at a large semiconductor manufacturer (the "Common Customer") troubleshoot problems with the integration of Virtuoso ADE and the AFS Simulator. To assist in the troubleshooting, the Common Customer engineer gave the Cadence engineer a copy of the BDA "Analog FastSpice Platform Installation Guide Version Q4 2010 Updated November 26, 2010" (the "Q4 2010 BDA Installation Guide").

25. On page 15 of the Q4 2010 BDA Installation Guide, BDA advises users who want to integrate the AFS Simulator with Virtuoso ADE to use the Unified Integration rather than to obtain an OASIS License.

26. In fact, the Q4 2010 BDA Installation Guide at page 15 states: **"The OASIS Integration is deprecated. BDA strongly discourages users from choosing this Method."**

27. Cadence had never seen a copy of the Q4 2010 BDA Installation Guide prior to the Common Customer engineer giving the Cadence engineer a copy. In fact, in an attempt to conceal its unlawful acts and the statements in the Q4 2010 BDA Installation Guide from Cadence, BDA had provided a copy of the BDA Installation Guide that only describes integration

of the AFS Simulator with Virtuoso ADE through use of the OASIS Integration that requires the end-user to have an OASIS License. The statements alleged in paragraphs 25 and 26, above, were hidden from Cadence.

28.  Cadence is informed and believes and thereon alleges that as a result of BDA's encouragement of users of the AFS Simulator who wanted to integrate with Virtuoso ADE to do so using the Unified Integration, that is, without obtaining an OASIS License, the vast majority of users of the AFS Simulator who integrated with Virtuoso ADE did so without obtaining an OASIS License.

## COUNT 1

## (AGAINST BDA AND THE DOES FOR VIOLATION OF THE DMCA)

29.  Cadence realleges paragraphs 1 through 28, inclusive.

30.  Cadence is the owner of the copyright in Cadence Virtuoso ADE.

31.  Neither BDA nor The Does had authority from Cadence to circumvent the Cadence Technological Measure by the BDA Circumvention or otherwise, and instead BDA was contractually prohibited from doing so as herein alleged.

32.  The Cadence Technological Measure is a "Technological Measure" within the meaning of the DMCA, 17 U.S.C. § 1201(a)(3)(B), because the Cadence Technological Measure effectively controls access to Virtuoso ADE and in the ordinary course of its operation, requires the application of information, or a process or a treatment, with the authority of the copyright owner, to gain access to Virtuoso ADE.

33.  Cadence is informed and believes and thereon alleges that the BDA Circumvention circumvented the Cadence Technological Measure by descrambling, decrypting, or otherwise avoiding, bypassing, removing, deactivating, or impairing the Cadence Technological Measure within the meaning of the DMCA, 17 U.S.C. § 1201(a)(3)(A), without the authority of Cadence.

34.  The foregoing acts of BDA and The Does violated the DMCA, 17 U.S.C. § 1201(a)(1)(A).

35.  Pursuant to the DMCA, 17 U.S.C. § 1203(b)(3) and 1203(c)(2), Cadence is entitled to its actual damages, including but not limited to the loss of OASIS License fees,

1  Cadence's lost profits and any profits of BDA and The Does attributable to their violation of the
2  DMCA, all in an amount to be proven at trial.

3  36. Pursuant to the DMCA, 17 U.S.C. § 1203(b)(1), Cadence seeks a temporary and permanent injunction to prevent or restrain BDA and The Does' violation of the DMCA. In Section 7.0 of the PLMA, BDA "agrees that the unauthorized use of Cadence Products will cause irreparable harm for which no adequate remedy at law exists and that, in addition to any other remedies available, Cadence shall be entitled to temporary, preliminary and permanent injunctive relief to enforce the terms of this PLMA."

9  37. Pursuant to the DMCA, 17 U.S.C. § 1203(b)(2), Cadence seeks the impounding of "any device or product that is in the custody or control of BDA and The Does and that the court has reasonable cause to believe was involved in a violation," including but not limited to the BDA Circumvention and the BDA AFS Simulator.

13 38. Pursuant to the DMCA, 17 U.S.C. § 1203(b)(4), Cadence seeks recovery of its costs from BDA and The Does.

15 39. Pursuant to the DMCA, 17 U.S.C. § 1203(b)(5), Cadence seeks recovery of its reasonable attorneys' fees from BDA and The Does.

17 WHEREFORE, Cadence seeks judgment as more fully set forth below.

## COUNT 2

### (BREACH OF CONTRACT ONLY AGAINST BDA)

20 40. Cadence realleges paragraphs 1 through 28, inclusive.

21 41. Cadence has performed all of its obligations to BDA under the CNA and the PLMA except those that Cadence was prevented or excused from performing.

23 42. BDA breached at least paragraphs 4.1 and 4.6 of the CNA and paragraph 4.1 and 4.2 of the PLMA by at least the acts alleged in paragraphs 21-28, inclusive.

25 43. Cadence has suffered damages in an amount to be proven at trial proximately caused by BDA's breaches of the CNA and the PLMA.

27 WHEREFORE, Cadence seeks judgment as more fully set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Cadence prays for entry of judgment as follows:

On Count 1 from BDA and The Does:

1. Cadence's actual damages including but not limited to the loss of OASIS License fees, Cadence's lost profits and any profits of BDA and The Does attributable to their violation of the DMCA, all in an amount to be proven at trial;

2. A temporary and permanent injunction to prevent or restrain BDA and The Does' violation of the DMCA;

3. The impounding …of "any device or product that is in the custody or control of BDA and The Does and that the court has reasonable cause to believe was involved in a violation," including but not limited to the BDA Circumvention and the AFS Simulator; and

4. Cadence's reasonable attorneys' fees in this Action.

On Count 2 only from BDA:

1. For damages according to proof.

On all Counts against BDA and The Does:

1. For costs of suit herein incurred; and

2. Such other and further relief as the Court deems just and proper.

Dated: April 4, 2013

By: _____
IAN N. FEINBERG (SBN 88324)
ifeinberg@feinday.com
M. ELIZABEH DAY (SBN 177125)
eday@feinday.com
MARC BELLOLI Belloli (SBN 244290)
mbelloli@feinday.com
**FEINBERG DAY ALBERTI & THOMPSON LLP**
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone: 650.618.4360
Facsimile: 650.618.4368

Attorneys for Plaintiff
CADENCE DESIGN SYSTEMS, INC.

FEINBERG DAY
ALBERTI &
THOMPSON LLP
MENLO PARK

-8-

COMPLAINT FOR VIOLATION OF THE DMCA AND BREACH OF CONTRACT

## DEMAND FOR JURY TRIAL

Plaintiff, by its undersigned attorneys, demands a trial by jury on all issues so triable.

Dated: April 4, 2013

By: /s/ M. E. Day
IAN N. FEINBERG (SBN 88324)
ifeinberg@feinday.com
M. ELIZABEH DAY (SBN 177125)
eday@feinday.com
MARC BELLOLI (SBN 244290)
mbelloli@feinday.com
**FEINBERG DAY ALBERTI & THOMPSON LLP**
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone: 650.618.4360
Facsimile: 650.618.4368

Attorneys for Plaintiff
CADENCE DESIGN SYSTEMS, INC.